**U.S. Department of Justice**
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See "Instructions for Service of Process by U.S. Marshal"*

| | |
|---|---|
| PLAINTIFF | COURT CASE NUMBER |
| Dominique Davis | 625-cv-2159-AGM-LHP |
| DEFENDANT | TYPE OF PROCESS |
| CITIBANK, N.A., | Summons and Complaint |

SERVE AT {

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
CT Corporation System  Registered Agent

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
1200 South Pine Island Road Plantation FL 33324

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | |
|---|---|
| Dominique Davis 8630 Bucci lli Drive #308 Orlando, FL 32829 | Number of process to be served with this Form 285  1 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service)*:

Please effect service on Defendant through registered agent.

| Signature of Attorney other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|
| | 407 856 8110 | 12·26·2025 |

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date | Time | ☐ am ☐ pm |
|---|---|---|---|
| | | | |

| Address *(complete only different than shown above)* | Signature of U.S. Marshal or Deputy |
|---|---|
| | |

*Costs shown on __attached USMS Cost Sheet__ >>*

REMARKS

Form USM-285
Rev. 03/21

NOV 12 2025 PM12:00
FILED - USDC - FLMD - ORL

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA DIVISION

Dominique Davis,
Plaintiff,

v.

Case no: 6:25-CV-2159-AGM-LHP

Citibank, N.A. ("Citi"),
Defendant.

## CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF THE ACTION

This action arises from Defendant Citibank, N.A.'s arbitrary, deceptive, and unlawful conduct in reducing Plaintiff's credit limits and misrepresenting promotional credit terms. These actions violated the **Equal Credit Opportunity Act (ECOA)**, 15 U.S.C. §§1691–1691f; the **Fair Credit Reporting Act (FCRA)**, 15 U.S.C. §§1681–1681x; and Florida's **Deceptive and Unfair Trade Practices Act (FDUTPA)**, Fla. Stat. §501.201 et seq. Citi's conduct caused significant economic injury, reduced Plaintiff's credit scores, and emotional distress through a self-reinforcing, predatory cycle of limit reductions and credit-score damage.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §1331 because the claims arise under the ECOA and FCRA, and supplemental jurisdiction under 28 U.S.C. §1367 for related Florida law claims.
2. This action arises under the **Equal Credit Opportunity Act (ECOA)**, 15 U.S.C. §§ 1691–1691f, the **Fair Credit Reporting Act (FCRA)**, 15 U.S.C. §§ 1681–1681x, and supplemental state-law claims for breach of contract and breach of the implied covenant of good faith and fair dealing.
3. Jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff asserts federal statutory claims, and under § 1367 for related state-law claims.
4. Venue is proper under 28 U.S.C. §1391(b) because Plaintiff resides in this District and the events giving rise to these claims occurred herein.

## II. PARTIES

3. Plaintiff **Dominique Davis** is a resident of Orlando, Florida, and at all relevant times was the holder of two Citi credit card accounts:
   - Citi® / AAdvantage® Platinum Select® World Elite Mastercard (Acct ending **1713**);
   - Citi® Double Cash Mastercard (Acct ending **4088**).
4. Defendant **Citibank, N.A. ("Citi")** is a national banking association headquartered in Sioux Falls, South Dakota, conducting business across the United States, including within this District.

## III. FACTUAL ALLEGATIONS

5. Plaintiff opened both accounts in good standing and made all payments timely without delinquencies or over-limit use.
6. Citi offered Plaintiff a 12-month interest-free promotional period ("Promo"). Plaintiff called Citi in **May 2024** and again in **July 2024** to confirm the payoff terms. Citi failed to disclose that the promotional balance had to be paid **14 days before the billing due date** to avoid interest. Relying on Citi's representations, Plaintiff paid the balance in full by the due date but was nevertheless charged approximately **$300 in interest**.
7. On **June 18, 2025**, Citi conducted a "credit review" and reduced Plaintiff's **AAdvantage limit** from **$19,500 to $17,640**, and on **July 30, 2025**, reduced Plaintiff's **Double Cash limit** from **$9,300 to $9,130**.
8. Citi's adverse-action letters provided vague, boilerplate justifications—such as *"balances too high"* and *"payments too low"*—and failed to include specific, individualized reasons as required under **12 C.F.R. §1002.9(a)(2)**.
9. Citi also failed to include the numerical credit score, score range, or key factors used in its decision, violating **15 U.S.C. §1681m(a)(3)**.
10. As a result of these reductions, Plaintiff's credit utilization ratio increased and his FICO score dropped from **680 to 620**, causing economic, reputational, and emotional harm.
11. Citi's conduct constitutes a **predatory and self-reinforcing cycle**: the bank lowers limits, cites high utilization as justification, then benefits from worsened credit profiles it caused. This pattern mirrors unfair and deceptive lending practices.
12. Federal regulators, including the **Consumer Financial Protection Bureau (CFPB)**, have made clear that creditors using complex algorithms must still provide specific, accurate reasons for adverse actions. See **CFPB Circular 2023-03**, *Adverse Action Notification Requirements in Connection with Credit Decisions Based on Complex Algorithms* (May 26, 2023).
13. Citi's failure to provide individualized reasoning or algorithmic disclosure renders its conduct arbitrary, deceptive, and unlawful under ECOA, FCRA, and FDUTPA.
14. Courts have consistently held that creditors must provide **meaningful, specific reasons** for adverse actions.
    See *Treadway v. Gateway Chevrolet Oldsmobile Inc.*, 362 F.3d 971 (7th Cir.

2004); *Morrison v. Booth*, 763 F.2d 1366 (11th Cir. 1985); *Burnett v. Bank of America, N.A.*, 2014 WL 4375938 (S.D. Ohio 2014). Citi's generic letters fail this standard.

## IV. DAMAGES

15. As a direct and proximate result of Citi's conduct, Plaintiff suffered:

- **Economic damages:** $300 improper interest, reduced credit limits, and diminished access to financing.
- **Credit harm:** FICO score declined from 712 to 620.
- **Emotional distress:** stress, anxiety, and reputational harm.
- **Irreparable harm:** continuing injury to creditworthiness and financial standing.

## V. CAUSES OF ACTION

### Count 1 – Breach of Contract

Citi breached its contract by unilaterally reducing credit limits without contractual justification and by misrepresenting the promotional payoff terms.

### Count 2 – Breach of Implied Covenant of Good Faith and Fair Dealing

Citi abused its discretionary authority under the agreement by acting arbitrarily and frustrating Plaintiff's contractual benefit.
See *Sepe v. City of Safety Harbor*, 761 So.2d 1182 (Fla. 2d DCA 2000).

### Count 3 – Violation of the ECOA, 15 U.S.C. §1691; Reg. B, 12 C.F.R. §1002.9

Citi took adverse action without providing timely, specific written reasons as required by law. See *Treadway*, 362 F.3d at 977–78.

Citi took "adverse action" by reducing the credit limit, 15 U.S.C. § 1691(d)(6); 12 C.F.R. § 1002.2(c).

Citi failed to provide a timely written notice specifying reasons for the action, violating 15 U.S.C. § 1691(d) and 12 C.F.R. § 1002.9(a)(2).

### Count 4 – Violation of the FCRA, 15 U.S.C. §1681m(a)

Citi used consumer reports to reduce Plaintiff's limits but failed to provide required score information and key adverse factors.
See *Burnett*, 2014 WL 4375938.

Citi failed to provide the disclosures mandated by 15 U.S.C. § 1681m(a).

### Count 5 – Misrepresentation and Deceptive Trade Practices (FDUTPA, Fla. Stat. §501.201)

Citi's nondisclosure of the true promotional payoff date and the resulting $300 charge constitutes deceptive and unfair conduct.
See *State v. Beach Buick, Inc.*, 570 So.2d 901 (Fla. 1st DCA 1990); *P.G. Corp. v. Wells Fargo*, 2021 WL 4480401 (S.D. Fla. 2021).

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment against Defendant for:

A. Actual, statutory, and punitive damages under the ECOA and FCRA;
B. Compensatory damages for breach of contract and breach of good faith;
C. Restitution of **$300** improperly charged under the promotional deception;
D. Declaratory judgment finding Citi's conduct unlawful;
E. Injunctive relief restoring Plaintiff's prior credit limits and ordering Citi to disclose its decisioning models;
F. Production of (1) the credit scores, adverse factors, and models used, and (2) Citi's internal credit-limit review policies;
G. Removal of any adverse information furnished to credit bureaus;
H. Costs of suit and attorney's fees; and
I. Such further relief as the Court deems just and proper.

**Respectfully submitted,**

Dominique Davis, Pro Se
8630 Buccilli Drive #308
Orlando, FL 32829
407-856-8110
Dominique.adavis@outlook.com

## EXHIBITS

**Exhibit A** – Citi Letters (Accounts ending 1713 & 4088)
**Exhibit B** – Account Statements showing interest charge and payoff date
**Exhibit C** – Credit Report showing FICO drop (712 → 620)
**Exhibit D** – CFPB Circular 2023-03 excerpt
**Exhibit E** – Call Log with Citi (May & July 2024)

## EXHIBIT A – Chronology of Events

| Date | Event | Evidence | Legal Significance |
|---|---|---|---|
| May 2024 | Plaintiff called Citi to confirm payoff and expiration for 12-month interest-free promotion. | Call record or notes | Establishes inquiry and Citi's duty to disclose full promo terms. |
| July 2024 | Plaintiff again called Citi; no disclosure that payoff was required 14 days before the due date. | Call record | Shows omission and misrepresentation. |
| July 23 2024 | Plaintiff paid promotional balance in full by billing due date. | Monthly statement | Demonstrates good-faith reliance. |
| July 2024 (Billing cycle) | Citi assessed ≈ $300 interest despite timely full payment. | Statement | Proves deceptive promotion; FDUTPA violation. |
| June 18 2025 | Citi performed "credit review" and lowered AAdvantage limit $19,500 → $17,640. | Citi letter (Acct 1713) | Adverse action under ECOA/FCRA. |
| July 30 2025 | Citi lowered Double Cash limit $9,300 → $9,130. | Citi letter (Acct 4088) | Second adverse action without specific reasons. |
| August 2025 | Plaintiff's FICO score fell from 680 → 620. | Credit report (Equifax) | Demonstrates causation and injury. |
| Ongoing | Plaintiff experiences credit damage and emotional distress from Citi's actions. | Affidavit/Testimony | Supports damages and standing. |

## EXHIBIT B – Evidentiary Index

| Exhibit # | Description | Linked Chronology Point |
|---|---|---|
| A-1 | Citi AAdvantage account agreement | Establishes contract terms for Acct 1713. |
| A-2 | Citi Double Cash account agreement | Establishes contract terms for Acct 4088. |

| Exhibit # | Description | Linked Chronology Point |
|---|---|---|
| A-3 | Citi Letter reducing AAdvantage limit (June 18 2025, Acct 1713) | ECOA/FCRA adverse action notice evidence. |
| A-4 | Citi Letter reducing Double Cash limit (July 30 2025, Acct 4088) | Second adverse action notice evidence. |
| A-5 | Equifax credit report showing score drop (680 → 620) | Demonstrates injury and damages. |
| A-6 | Monthly account statement showing promo interest charge ($300) | Supports FDUTPA misrepresentation claim. |
| A-7 | Citi customer-service call logs (May & July 2024) | Shows omission of true promo payoff terms. |
| A-8 | CFPB Circular 2023-03 excerpt | Confirms regulatory standard on algorithmic adverse actions. |
| A-9 | Plaintiff's Affidavit of Damages and Emotional Distress | Documents non-economic and continuing harm. |