**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DOMINIQUE DAVIS,

        Plaintiff,

v.                                                                Case No:   6:25-cv-2159-AGM-LHP

CITIBANK, N.A.,

        Defendant

**ORDER**

Before the Court is Plaintiff's Renewed Response Regarding Service of Process and Renewed Request for Clerk's Default, or in the Alternative, Motion to Extend Time and Leave to Cure Any Service Defect.   Doc. No. 22.   Upon consideration, the motion will be **DENIED without prejudice**, for the reasons that follow.

The motion concerns Plaintiff's request for Clerk's default against Defendant. Plaintiff proceeds *pro se* and *in forma pauperis* in this matter, and thus service was effected by the United States Marshal.   *See* Doc. Nos. 2, 5, 15.   Based on information Plaintiff provided, the United States Marshal purportedly effected

service on Defendant Citibank, N.A., by serving CT Corporation System as registered agent on January 5, 2026.   Doc. No. 15; *see also* Doc. No. 8.

After Citibank N.A. failed to appear or otherwise respond, Plaintiff filed a motion for Clerk's default.   Doc. No. 19.   Upon review of that motion, however, the Court was unable to verify an association between Citibank, N.A. and CT Corporation System.   *See* Doc. No. 20.   Records for the Florida Department of State, Division of Corporations, list no active entity registered in Florida with the name "Citibank, N.A."[1]   Neither was the Court otherwise able to locate records for "Citibank, N.A." demonstrating an association with CT Corporation System.   *Id.* Accordingly, the Court denied the motion without prejudice and ordered Plaintiff to file a renewed motion establishing that service of process on Defendant was proper under governing law by citation to legal authority and evidence in support. *Id.*

Now before the Court is Plaintiff's renewed motion timely filed in response to that Order.   Doc. No. 22.[2]   In the filing, Plaintiff states that "Citi-related

---

[1] Records maintained by the Florida Department of State, Division of Corporations, are available at https://search.sunbiz.org/Inquiry/CorporationSearch/ByName.   A query of "Citibank, N.A." yields no results, and there is only one inactive entity under the name "Citibank," for which there is no listed association with CT Corporation System.

[2] The Court notes that the renewed motion does not comply with the Court's Standing Order Requiring Disclosure of the Use of Artificial Intelligence.   *See* Doc. No. 21.

materials corroborate Plaintiff's good-faith basis for using CT Corporation System address." *Id.* at 2. Plaintiff again submits that Clerk's default is proper for Citibank, N.A.'s failure to appear. *Id.* at 4, 5, 7. But, other than pointing to different entities other than the named Defendant to state that Citibank, N.A. has an association with CT Corporation System, Plaintiff submits nothing to support that service on Citibank, N.A. by service on CT Corporation System, was effective. *Id.* at 6.[3] Thus, the motion is insufficient to support entry of Clerk's default.

Plaintiff alternatively asks that if the Court determines that if the record fails to support that CT Corporation System was authorized to accept service, that Plaintiff be permitted "leave to cure through alias service." Doc. No. 22, at 7. It is not entirely clear what Plaintiff means by this request, nor does Plaintiff cite any legal authority in support. *Id.* Accordingly, to the extent that the motion requests "alias service," it is due to be denied.

Based on the foregoing, it is **ORDERED** as follows:

---

[3] Plaintiff cites three cases naming different Defendants—Citigroup, Inc., Citibank (USA), N.A., and Citi. Doc. No. 22, at 6. *See* 2:13-cv-0004-SPC, DNF; 3:04-cv-00958-HLA-HTS; 8:23-cv-02688-KKM-TGW. Because these cases name different Defendants, they do not support service here.

The only cited case concerning a similarly named Defendant to that named here "Citi Bank, N.A.," reflects a return of service at an address in New York, NY, which does not mention CT Corporation System. *See* 6:18-cv-00259-ACC-GJK, Doc. No. 4.

1.      Plaintiff's Renewed Response Regarding Service of Process and Renewed Request for Clerk's Default, or in the Alternative, Motion to Extend Time and Leave to Cure Any Service Defect (Doc. No. 22) is **DENIED without prejudice in all respects**.

2.      Within **thirty (30) days** of the date of this Order, Plaintiff shall either:

a.      File a renewed motion for Clerk's default demonstrating by citation to evidence and applicable legal authority that the existing service on Defendant Citibank, N.A., by serving CT Corporation System as registered agent on January 5, 2026, was proper.   *See* Doc. No. 15; *see also* Doc. No. 8.

- or -

b.      File amended service forms for Citibank, N.A., for service by the United States Marshal, reflecting the proper information for effective service on Citibank, N.A.   It is Plaintiff's responsibility to provide the proper information for service to the United States Marshal.   *See, e.g.*, *Marsh v. State of Fla.*, No. 2:02-cv-599-FtM-29SPC, 2006 WL 626410, at *1 (M.D. Fla. Mar. 13, 2006) ("While an *in forma pauperis* plaintiff is entitled to rely on the court officers and the U.S. Marshal to effect proper service, when a plaintiff fails to provide the Court with valid

addresses for the defendants, the Court cannot meet this responsibility." (citations omitted)).[4]

**3.** **Plaintiff is cautioned that failure to comply with this Order will result in a recommendation to the presiding District Judge that this case be dismissed without prejudice.** *See* **Fed. R. Civ. P. 16(f); Local Rule 3.10.**

Because Plaintiff proceeds *pro se* in this matter, the Court directs his attention to the Court's website, https://www.flmd.uscourts.gov/. On the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then selecting "Litigants without Lawyers."

The Court also notes that the Orlando Chapter of The Federal Bar Association operates a Legal Information Program. Through that program, *pro se* litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Virtual and in-person appointments are available every Tuesday from 11:00 a.m. to 12:30 p.m.

---

[4] Service forms are available on the Court's website, summons are available at https://www.flmd.uscourts.gov/forms/all/litigants-without-lawyers-forms, and Marshal 285 forms are available at https://www.flmd.uscourts.gov/forms/all/marshal-forms.

To request an appointment, *pro se* litigants may visit https://outlook.office365.com/owa/calendar/FederalLegalInformationClinicPublicRegistration@clsmf.org/bookings/. For assistance making an appointment, call the Clerk's Office at (407) 835-4200 or visit the Clerk's Office check-in window. A brochure with more information about the program is available on the Court's website, www.flmd.uscourts.gov/legal-information-program.

**DONE** and **ORDERED** in Orlando, Florida on July 10, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties