**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DOMINIQUE DAVIS,

Plaintiff,

v. Case No: 6:25-cv-2159-AGM-LHP

CITIBANK, N.A.,

Defendant

---

**ORDER**

Before the Court is Plaintiff's Renewed Motion for Clerk's Default and Incorporated Memorandum of Law Demonstrating Proper Service Under Federal Rule of Civil Procedure 4(h)(1)(B). Doc. No. 24. Upon consideration of same, the motion (Doc. No. 24) will be **DENIED**.

As an initial matter, the filing fails to comply with the Court's Standing Order Requiring Disclosure of the Use of Artificial Intelligence. Doc. Nos. 17, 21.

Moreover, Plaintiff has again failed to demonstrate that Clerk's default is appropriate, specifically whether service of process on the named Defendant Citibank, N.A. was properly effected. *See also* Doc. Nos. 19–20, 22–23.

Plaintiff proceeds *pro se* and *in forma pauperis* in this matter, and thus service was effected by the United States Marshal. *See* Doc. Nos. 2, 5, 15. Based on information Plaintiff provided, the United States Marshal purportedly effected service on Defendant Citibank, N.A., by serving CT Corporation System as registered agent on January 5, 2026. Doc. No. 15; *see also* Doc. No. 8.

After Citibank N.A. failed to appear or otherwise respond, Plaintiff filed a motion for Clerk's default. Doc. No. 19. Upon review of that motion, however, the Court was unable to verify an association between Citibank, N.A. and CT Corporation System. *See* Doc. No. 20. Records for the Florida Department of State, Division of Corporations, list no active entity registered in Florida with the name "Citibank, N.A." *Id.*[1] Neither was the Court otherwise able to locate records for "Citibank, N.A." demonstrating an association with CT Corporation System. *Id.*[2] Accordingly, the Court denied the motion without prejudice and

---

[1] Records maintained by the Florida Department of State, Division of Corporations, are available at https://search.sunbiz.org/Inquiry/CorporationSearch/ByName. A query of "Citibank, N.A." yields no results, and there is only one inactive entity under the name "Citibank," for which there is no listed association with CT Corporation System.

[2] As set forth in Plaintiff's complaint, Citibank, N.A. is a national banking association headquartered in South Dakota. Doc. No. 1 ¶ 4. South Dakota records also reflect no apparent association between Citibank, N.A. and CT Corporation System. *See* https://sosenterprise.sd.gov/BusinessServices/Business/FilingSearch.aspx

Given that Citibank, N.A. is a national banking association, the Court also looked

ordered Plaintiff to file a renewed motion establishing that service of process was proper under governing law by citation to legal authority and evidence in support. *Id.*

Plaintiff thereafter filed a renewed motion. Doc. No. 22. In that filing, Plaintiff stated that "Citi-related materials corroborate Plaintiff's good-faith basis for using CT Corporation System address." *Id.* at 2. But, other than pointing to different entities other than the named Defendant to state that Citibank, N.A. has an association with CT Corporation System, Plaintiff submitted nothing to support that service on Citibank, N.A. by service on CT Corporation System, was effective. *Id.* at 4–7. Thus, the Court found the motion insufficient to support entry of Clerk's default, and denied Plaintiff's motion. Doc. No. 23. The Court ordered Plaintiff to either: (1) file a renewed motion with citation to evidence and legal authority establishing that service on Defendant Citibank, N.A., by serving CT Corporation System as registered agent on January 5, 2026, was proper; or (2) file amended service forms for proper service on Citibank, N.A. *Id.* at 4.

---

to records available with the National Information Center, but those records also reveal no apparent association between Citibank, N.A. and CT Corporation System. *See* https://www.ffiec.gov/npw/Institution/Profile/476810

Now before the Court is Plaintiff's third request for Clerk's default based on the January 5, 2026 service. Doc. No. 24. Plaintiff has "elect[ed] the first option" of relying on the January 5, 2026 service via CT Corporation System and has declined the second option of submitting amended service forms for re-service. *Id.* at 2. Plaintiff again submits that service was effective given that CT Corporation System accepted the January 5, 2026 service. *Id.* at 3, 9, 14. Plaintiff also points to another case where CT Corporation System was listed in a summons for Citibank, N.A., service was returned accepted by CT Corporation System, and Citibank, N.A. thereafter appeared in the case. *Id.* at 3, 10–11, 14; Doc. Nos. 24-2, 24-3, 24-4; *see also* Case No. 6:26-cv-366-AGM-RMN, Doc. Nos. 33, 36, 41 (M.D. Fla.). Plaintiff also says that she attempted to obtain confirmation from CT Corporation System that it is the registered agent for Citibank, N.A., but CT Corporation System declined to confirm. Doc. No. 24, at 13.

Thus, the only new information Plaintiff relies on in the present motion is the docket in Case No. 6:26-cv-366-AGM-RMN. While that docket reflects what Plaintiff represents, that alone does not get Plaintiff where she wishes to go. Specifically, although Citibank, N.A. appeared in Case No. 6:26-cv-366-AGM-RMN, there is nothing on the docket stating that service was properly effected via service on CT Corporation System or confirming that CT Corporation System is Citibank,

N.A.'s registered agent—indeed, Plaintiff relies only on submissions by counsel in that case.[3] And Citibank, N.A.'s mere appearance in another case does not establish proper service either, as parties may waive that issue. *See* Fed. R. Civ. P. 12(h).

At bottom, Plaintiff bears the burden of demonstrating that service was proper *in this cas*e, and Plaintiff has not carried that burden, as Plaintiff has not established that CT Corporation System is Citibank, N.A.'s registered agent, such that service on CT Corporation System was effective. *See Peninsula at St. John's Ctr. Condo. Ass'n, Inc. v. Amerisure Ins. Co.*, No. 3:22-cv-792-TJC-LLL, 2024 WL 3989778, at *1 (M.D. Fla. Feb. 12, 2024) (denying Clerk's default where the motion did not contain sufficient information for the court to determine that the person served was in fact the defendant's registered agent); *see generally Phillips v. Fed. Bureau of Investigation*, No. 8:22-cv-1833-CEH-JSS, 2022 WL 17823897, at *1 (M.D. Fla. Dec. 8, 2022) ("It is the plaintiff's burden to establish effective service of process." (citation

[3] Plaintiff does not mention judicial notice in her motion. Doc. No. 24. But to the extent that judicial notice of records from another case would be appropriate, judicial notice allows only for recognition that the matters were filed, not of the truth of the contents of those records. *See generally Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (stating that it is appropriate to take judicial notice of public records for the fact of their filing but not for the truth of the statements contained therein); *see also Kraft v. Kurowski*, No. 5:25-cv-677-PGB-PRL, 2026 WL 1839877, at *1 (M.D. Fla. June 25, 2026) (taking "judicial notice, not for the truth of the matters asserted in the litigation, but rather to establish the fact of such litigation and the filings therein").

omitted)); *Ripps v. JPM Chase Bank N.A.*, No. 5:12-cv-396-Oc-10PRL, 2012 WL 12909903, at *2 (M.D. Fla. Dec. 6, 2012) ("Before a Clerk's default can be issued, the serving party must establish that the defaulting party was properly served." (citation omitted)).

Based on the foregoing, Plaintiff's third request for Clerk's default (Doc. No. 24) is **DENIED.** It is **ORDERED** that within **twenty-one (21) days** of the date of this Order, Plaintiff shall **SHOW CAUSE** in writing why this matter should not be dismissed without prejudice for failure to establish that Citibank, N.A. was properly served. *See* Doc. No. 23, at 5; Fed. R. Civ. P. 4(m); *see also Marsh v. State of Fla.*, No. 2:02-cv-599-FtM-29SPC, 2006 WL 626410, at *1 (M.D. Fla. Mar. 13, 2006) ("While an *in forma pauperis* plaintiff is entitled to rely on the court officers and the U.S. Marshal to effect proper service, when a plaintiff fails to provide the Court with valid addresses for the defendants, the Court cannot meet this responsibility." (citations omitted)).

**DONE** and **ORDERED** in Orlando, Florida on September 4, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties