**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DOMINIQUE DAVIS,

Plaintiff,

v. Case No: 6:25-cv-2159-AGM-LHP

CITIBANK, N.A.,

Defendant

---

**ORDER**

This cause comes before the Court on review of Plaintiff's Response to September 4, 2026 Order to Show Cause and Incorporated Motion for Extension of Time and Renewed Service Through the United States Marshal Service. Doc. No. 27. In short, Plaintiff filed three (3) unsuccessful motions for Clerk's default against Defendant Citibank, N.A., based on service by the United States Marshal by serving CT Corporation System as registered agent on January 5, 2026. *See* Doc. Nos. 19–20, 22–23, 24–25; *see also* Doc. Nos. 8, 15.[1] Plaintiff never established that CT Corporation System is Defendant's registered agent, however, and thus the

---

[1] Plaintiff proceeds *pro se* and *in forma pauperis* in this matter, and thus service was effected by the United States Marshal. *See* Doc. Nos. 2, 5, 15.

Court denied Clerk's default based on the January 5, 2026 service. *See* Doc. Nos. 19–20, 22–23, 24–25. By the latest Order, the Court directed Plaintiff to show cause why this case should not be dismissed without prejudice for failure to establish that Defendant was properly served. Doc. No. 25.

By Plaintiff's timely response, he asks that the Court allow him one further opportunity to effect valid service in this case and for a sixty (60) day extension of time to do so. Doc. No. 27. Plaintiff makes various requests for affirmative relief in the filing, such that he requests the Court discharge the Order to Show Cause (Doc. No. 25), extend the service deadline, direct the Clerk to issue summons, direct renewed service by the United States Marshal at Defendant's corporate address and additional service on CT Corporation System, permit amended service forms for same, direct service returns to include the actual recipient of the service documents, that the Court enter orders regarding any future challenge to service by Defendant, and that the Court order that Plaintiff's position regarding the January 5, 2026 service is retained. *Id.* at 14–15.

Upon consideration, to the extent Plaintiff asks that he be permitted one final opportunity to effect valid service, and for an extension of the service deadline to accomplish same, the Court finds the request well taken. *See* Fed. R. Civ. P. 4(m). However, the remaining requests will be denied at this time. For one, Plaintiff

does not establish why an additional service attempt on CT Corporation System would be appropriate, given that Plaintiff still does not establish a relationship between CT Corporation System and Defendant, Doc. No. 27, and CT Corporation has already been served once, Doc. No. 15.[2] The Court will not order the United States Marshal to re-serve an entity with no established association with the case. Further, to the extent that Plaintiff seeks relief contingent on any future appearance by Defendant in the case, the requested relief is speculative.

Accordingly, it is **ORDERED** as follows:

1. The September 4, 2026 Order to Show Cause (Doc. No. 25) is hereby **DISCHARGED**.

2. The deadline for Plaintiff to effect service of process in this case is extended up to and including **November 30, 2026**.

3. On or before **October 13, 2026**, Plaintiff shall submit an amended summons and 285 Marshal form to the Clerk of Court for service at

[2] Given Plaintiff's *pro se* status, the Court has elected to consider the requests for affirmative relief embedded in Plaintiff's response to the Order to Show Cause. *See* Local Rule 1.01(b). Nonetheless, the Court notes that Plaintiff cites no legal authority, outside of Rule 4, for any of his requests, in violation of Local Rule 3.01(b). Doc. No. 27. Plaintiff is reminded of his obligation to comply in full with the Local Rules. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

Defendant's corporate address, as outlined in the response (Doc. No. 27). Once the amended summons and Marshal 285 forms are returned to the Court, the Clerk is directed to immediately provide the completed service forms to the United States Marshal. It is **ORDERED** that, upon receipt of the completed service forms, the United States Marshal is directed to serve them upon Defendant without cost to Plaintiff, and to forthwith provide proof of service to the Court. The Clerk of Court is directed to provide a copy of this Order to the United States Marshals Service.

4. Plaintiff's remaining requests for affirmative relief (Doc. No. 27) are **DENIED** at this time.

5. Plaintiff is cautioned that failure to timely submit amended service forms, or to cause proper service on Defendant to be effected by the deadline set forth herein, will result in a recommendation to the presiding District Judge that this case be dismissed without further notice. *See* Fed. R. Civ. P. 4(m); 16(f). *See also Marsh v. State of Fla.*, No. 2:02-cv-599-FtM-29SPC, 2006 WL 626410, at *1 (M.D. Fla. Mar. 13, 2006) ("While an *in forma pauperis* plaintiff is entitled to rely on the court officers and the U.S. Marshal to effect proper service, when a plaintiff fails to provide the Court with valid addresses for

the defendants, the Court cannot meet this responsibility." (citations omitted)).

**DONE** and **ORDERED** in Orlando, Florida on September 30, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties